**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**GOVERNMENT EMPLOYEES INSURANCE**
**COMPANY,** *et al.***,**

                                      **Plaintiff,**           **MEMORANDUM**
                                                                 **AND ORDER**
     -against-

                                                                              **22-CV-3804 (ARR)**

**SERGEY KALITENKO, MD,** *et al.***,**

                                      **Defendants.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       Currently pending before this Court is a letter-motion filed by plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company and GEICO Casualty Company ("plaintiffs") to compel non-party Kopelevich & Feldsherova, P.C. ("K&F") to comply with a subpoena *duces tecum* seeking information relating to the submission to plaintiffs of allegedly fraudulent bills by defendants Sergey A. Kalitenko Physician, P.C. and Sergey Kalitenko, MD ("defendants"). See Letter Motion to Compel (Oct. 27, 2022) ("Mot. to Compel"), Electronic Case Filing ("ECF") Docket Entry ("DE") #29. Plaintiffs contend that the subject subpoena seeks documents regarding K&F's financial involvement with defendants' submission of fraudulent billing. See id. at 1. K&F opposes the motion, arguing that service of the subpoena was ineffective and that the information is neither relevant nor proportional to the needs of the case. See Response in Opposition (Nov. 1, 2022) ("K&F Opp."), DE #32. For the reasons discussed below, plaintiffs' motion is denied without prejudice.

**DISCUSSION**

**I.      Service of the Subpoena**

As an initial matter, service of a subpoena is governed by Rule 45 of the Federal Rules of Civil Procedure (the "FRCP"), which "requires delivering a copy to the named person[.]" Fed. R. Civ. P. 45(b)(1). "[T]o satisfy Rule 45's mandate of 'delivering a copy to the named person' when the 'person' is a corporation, there must be delivery to an appropriate agent, as identified by Rule 4(h) [of the FRCP]." In re Newbrook Shipping Corp., 31 F.4th 889, 896-97 (4th Cir. 2022). According to Rule 4(h), the subpoena must be delivered to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

Here, it is undisputed that plaintiffs served the subject subpoena on a calendar clerk/paralegal at K&F, who is not an officer, director, managing or general agent of K&F. See Declaration of Jonathan Vargas (Nov. 1, 2022) ¶¶ 1, 3, DE #32 at ECF p. 4. Accordingly, service of the subpoena was ineffective.

Nevertheless, under the circumstances, and in order to avoid further delay, this Court authorizes alternate service by email and permits plaintiffs to serve K&F by sending the subpoena via email to its managing agent, Mikhail Kopelevich. Although some courts have required service under Rule 45 by personal delivery, courts in the Second Circuit have, increasingly, authorized alternative service, as long as service is calculated to provide timely actual notice. See, e.g., 6340 NB LLC v. Capital One, N.A., 20-CV-02500 (JMA)(JMW), 2022 WL 4386821, at *2-3 (E.D.N.Y. Sept. 22, 2022) (authorizing alternative service by leaving a copy of subpoena with apartment building doorman, and mailing subpoena by

overnight courier and certified mail); In re Polygon Glob. Partners LLP, 21 Misc. 364 (ER), 2021 WL 2117397, at *6 (S.D.N.Y. May 25, 2021) (finding service of subpoena by mail, following delivery to security personnel at respondents' offices, was sufficient under the circumstances of the case); SEC v. Pence, 322 F.R.D. 450, 454-55 (S.D.N.Y. 2017) (authorizing various methods of alternate service to ensure actual receipt); Tube City IMS, LLC v. Anza Cap. Partners, LLC, No. 14 Civ. 1783(PAE), 2014 WL 6361746, at *2-3 (S.D.N.Y. Nov. 14, 2014) (granting request to serve subpoena by certified mail and affixing subpoena to door); JPMorgan Chase Bank, N.A. v. IDW Grp., LLC, No. 08 Civ. 9116(PGG), 2009 WL 1313259, at *2-3 (S.D.N.Y. May 11, 2009) (authorizing service by certified mail after multiple attempts at personal delivery); Med. Diagnostic Imaging, PLLC v. CareCore Nat'l, LLC, No. 06 Civ. 7764(CS)(THK), 2008 WL 3833238, at *2-3 (S.D.N.Y. Aug. 15, 2008) (granting request for alternate service by delivering a copy of the subpoena to place of employment and mailing a copy by first-class mail). Indeed, several courts have permitted alternate service by email where the requested method of service reasonably ensures actual receipt by the witness, where personal service was previously attempted and where the witness is aware of the service attempt. See Knopf v. Esposito, 17cv5833(DLC), 2020 WL 6589593, at *2 (S.D.N.Y. Nov. 11, 2020) (permitting service of subpoena by email); SEC v. David, 19-cv-9013 (JSR), 2020 WL 703464, at *1 (S.D.N.Y. Feb. 12, 2020) (permitting SEC to serve non-party witness with subpoena by emailing it to him again); Pence, 322 F.R.D. at 454 (permitting alternate service where non-party was aware of attempts to serve him and his email address was registered with state bar); see also ADI Glob. Distrib. v. Green, 20-CV-3869 (DRH)(JMW), 2021 WL 5759725, at *4-5 (E.D.N.Y. Dec. 3, 2021) (granting motion to

3

serve summons and complaint by email at the address previously used by defendant).

Here, Mr. Kopelevich, the managing agent of the law firm K&F, acknowledged by email to plaintiffs' counsel on October 24, 2022 that K&F had received a copy of the subpoena but would not respond (the due date was October 12, 2022) because the subpoena was "improper." See DE #29-2 at ECF p.2. Under the circumstances, permitting service by email to Mr. Kopelevich at the email address he has used to communicate with plaintiffs' counsel is consistent with the principle embodied in Rule 1 of the FRCP that the Rules should be interpreted "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; see Knopf, 2020 WL 6589593, at *2; Pence, 322 F.R.D. at 454.

## II. Relevance of the Subpoena

In addition to the ineffectiveness of service, K&F argues that plaintiff's subpoena constitutes "an invasive fishing expedition." See K&F Opp. at 2. Specifically, K&F contends that the discovery sought would not yield relevant evidence because K&F's sole involvement in defendants' billing to insurance carriers is the use by defendants of K&F's business address as the address to which the insurance companies are asked to respond to defendants' bills. See id.

On a motion to enforce or quash a subpoena, the issuing party "bears the initial burden of demonstrating that the information sought is relevant and material to the allegations and claims at issue in the proceedings." Ghonda v. Time Warner Cable, Inc., 16-CV-2610 (PKC), 2017 WL 395111, at *2 (E.D.N.Y. Jan. 27, 2017) (citation and internal quotation marks omitted). "Once relevance is established, the party seeking to quash a subpoena bears

4

the burden of demonstrating that the subpoena is over-broad, duplicative, or unduly burdensome." Id. (quoting Vale v. Great Neck Water Pollution Control Dist., 14-CV-4229 (ADS)(AYS), 2016 WL 1072639, at *3 (E.D.N.Y. Jan. 8, 2016)). Here, plaintiffs have sustained their initial burden of demonstrating the relevance of the subpoenaed materials. In their reply, plaintiffs demonstrate that they have in their possession checks that they sent to defendants in connection with the allegedly fraudulent billing that "were cashed and deposited into [K&F's] attorney-IOLA accounts[.]" Reply to Response to Motion (Nov. 3, 2022) ("Reply") at 1, DE #34 & DE #34-1 (checks). In addition, plaintiffs submit copies of wire transfers sent from K&F to an entity that defendants use to obtain certain funding, which is collateralized against the receivables owed to defendants by insurance companies. See Reply at 2 & DE #34-2 (wire transfers). Based on this record, which appears to belie K&F's representation that it merely provides a mailing address for insurance payments to be sent, plaintiffs have demonstrated that the nonprivileged documents sought are sufficiently relevant to be discoverable.[1]

As to K&F's arguments regarding the scope of the subpoena, the parties are directed to promptly meet and confer in good faith after the subpoena has been served in accordance with this opinion.

---

[1] In a case cited by K&F to support its argument that plaintiffs are engaged in a fishing expedition, Allstate Insurance Co. v. Etienne, 09-CV-3582, 2010 WL 11626966 (E.D.N.Y. Apr. 30, 2010), this Court denied the defendants' motion to quash a subpoena for bank records, concluding that the subpoenaed bank documents were relevant and would "provide insight into the nature and extent of the relationships between the participants in the alleged scheme, the scope and nature of any conspiracy, and the extent to which defendants profited from the arrangement." Id. at *3. Given the nature of the subpoenaed documents, the Court, did, however, allow the redaction of transactions relating to non-parties. See id. at *4-5. Having examined the language of the subpoena at issue in this case, which calls for categories of documents relating to defendants, the scope of the subpoena here does not raise the concerns addressed in that case.

Finally, neither plaintiffs' nor K&F's conduct warrants the imposition of sanctions. Accordingly, the parties' cross-motions for sanctions are denied.

## CONCLUSION

For the foregoing reasons, plaintiffs' letter-motion to compel is denied without prejudice. Plaintiffs may re-serve the subpoena on K&F by email to Mikhail Kopelevich at the address mkopelevich@kflawny.com.

**SO ORDERED.**

**Dated:     Brooklyn, New York**
            **November 8, 2022**

          /s/ *Roanne L. Mann*

          **ROANNE L. MANN**
          **UNITED STATES MAGISTRATE JUDGE**