UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GOVERNMENT EMPLOYEES INSURANCE
COMPANY, *et al.*,

                      **Plaintiffs,**                              **MEMORANDUM
AND ORDER**

                      -against-                                  22-CV-3804 (ARR) (RLM)

**SERGEY KALITENKO, MD,** *et al.*,

                      **Defendants.**
------------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

        In a letter-motion filed on December 14, 2022, plaintiff Government Employees Insurance Company ("GEICO"), and its affiliated companies[1] (collectively, "plaintiffs"), seek an order from this Court compelling defendants Sergey Kalitenko, MD ("Dr. Kalitenko"), Sergey Kalitenko, MD, A Sole Proprietorship ("Kalitenko Sole Proprietorship"), and Sergey A. Kalitenko Physician, P.C. ("Kalitenko P.C.") (collectively, the "Kalitenko Defendants") to provide substantive interrogatory answers and to produce certain documents. See generally [Plaintiffs'] Letter Motion to Compel (Dec. 14, 2022) ("Pl. Mot."), DE #37. The Kalitenko Defendants assert that, by virtue of Dr. Kalitenko's Fifth Amendment privilege against self-incrimination, they are not required to provide the requested discovery. See generally Pl. Mot., Exhibit 5 - Response from [N]ew Defendants [C]ounsel to Plaintiff[s'] [D]eficiency [L]etter (docketed on Dec. 14, 2022) ("Def. Opp."), DE #37-5; see also [Kalitenko Defendants'] Response in Opposition re [Plaintiffs'] Letter Motion to Compel (Dec. 19, 2022)

---

[1] The other entity plaintiffs include GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company. See Complaint (June 28, 2022) ("Compl.") ¶ 18, Electronic Case Filing ("ECF") Docket Entry ("DE") #1.

("Kalitenko Defendants' Response") at 1, DE #39.  For the following reasons, the Court grants in part and denies in part plaintiffs' motion.

## PROCEDURAL BACKGROUND

On June 28, 2022, plaintiffs commenced this action against the Kalitenko Defendants (and several "John Doe" defendants), alleging that Dr. Kalitenko, by and through his businesses, perpetrated a no-fault insurance-fraud scheme, in violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act.  See generally Compl.; Pl. Mot. at 1, DE #37.  The Kalitenko Defendants filed their joint answer on August 15, 2022.  See generally [Kalitenko Defendants'] Answer to [ ] Complaint (Aug. 15, 2022), DE #14.

The parties thereafter engaged in discovery.  On September 22, 2022, plaintiffs served a single set of discovery requests on all three Kalitenko Defendants, including numerous interrogatories and demands for document production.  See Pl. Mot. at 1, DE #37.  On October 25, 2022, defense counsel served plaintiffs with Dr. Kalitenko's and Kalitenko P.C.'s responses to plaintiffs' interrogatories; however, Dr. Kalitenko and Kalitenko P.C. did not provide substantive answers thereto, and instead invoked the former's Fifth Amendment privilege in response to each interrogatory.  See id. at 1-2.[2]  Kalitenko Sole Proprietorship initially failed to provide any interrogatory responses whatsoever.  See id.  With respect to plaintiffs' document demands, Dr. Kalitenko responded by again objecting to these requests based on his Fifth Amendment privilege;[3] originally, no documents or document-related

---

[2] See also Pl. Mot., Exhibit 1 - Plaintiffs First Set of Interrogatories to Kalitenko and Kalitenko['s] responses to Plaintiff[s'] [I]nterrogatories (docketed on Dec. 14, 2022), DE #37-1; Pl. Mot., Exhibit 2 – Plaintiff[s'] First Set of Interrogatories to the Kalitenko PC and the Kalitenko PC['s] [R]esponses to Plaintiff[s'] [I]nterrogatories (docketed on Dec. 14, 2022), DE #37-2; Pl. Mot., Exhibit 3 – Plaintiff[s'] First Set of Document Demands to the Defendants (docketed on Dec. 14, 2022) ("Discovery Exhibit 3"), DE #37-3.

[3] The only exceptions are Request No. 64 and No. 65 (relating to Dr. Kalitenko's Rule 26(a)(1) disclosures), to

responses were tendered on behalf of Kalitenko P.C. or Kalitenko Sole Proprietorship. See id.; see generally Discovery Exhibit 3, DE #37-3.

By letter dated November 7, 2022, plaintiffs informed the Kalitenko Defendants that their discovery responses were deficient in multiple respects, namely that Dr. Kalitenko had, on behalf of himself and the two entities, improperly invoked the Fifth Amendment privilege as to all discovery requests. See generally Pl. Mot., Exhibit 4 - Plaintiff[s'] . . . [D]eficiency [L]etter [dated] November 7, 2022 to Defendants (docketed on Dec. 14, 2022), DE #37-4; see also Pl. Mot. at 2, DE #37. On November 19, 2022, the Kalitenko Defendants responded to plaintiffs' deficiency letter, arguing, *inter alia*, that Dr. Kalitenko's Fifth Amendment privilege must be applied equally to himself, his sole proprietorship, and the corporate entity, in order to preserve his individual privilege against self-incrimination. See generally Def. Opp., DE #37-5.

On November 21, 2022, the parties met and conferred to resolve their discovery dispute. See Pl. Mem. at 2, DE #37. As a result of this meet and confer, the Kalitenko Defendants agreed to provide the missing "document responses from Kalitenko PC and interrogatory [ ] and document responses from the Kalitenko Sole Proprietorship"; however, the Kalitenko Defendants indicated that they would not supplement any previous responses and would assert (or continue to assert) Dr. Kalitenko's Fifth Amendment privilege on behalf of all three defendants. Id. Consequently, the parties were unable to resolve this issue.

On December 14, 2022, plaintiffs moved to compel (1) Dr. Kalitenko to provide

---

which Dr. Kalitenko responded that no responsive documents have been identified. See Discovery Exhibit 3 at 34, DE #37-3.

documents responsive to plaintiffs' document requests;[4] (2) Kalitenko Sole Proprietorship to respond to plaintiffs' interrogatories and document requests; and (3) Kalitenko P.C. to amend its interrogatory responses and provide the requested documents. See id. at 1. As promised, the Kalitenko Defendants thereafter served supplemental discovery responses on behalf of Kalitenko Sole Proprietorship and Kalitenko P.C., but those supplemental responses likewise assert the Fifth Amendment privilege.[5] The Kalitenko Defendants maintain that they are not obligated to provide substantive responses to plaintiffs' discovery requests under the protection of the Fifth Amendment and the act-of-production doctrine. See Kalitenko Defendants' Response at 1, DE #39 (incorporating by reference the arguments advanced in the Kalitenko Defendants' November 19, 2022 letter to plaintiffs' counsel, i.e., Def. Opp., DE #37-5).

## DISCUSSION

### I.   Legal Framework

"The Fifth Amendment provides, in relevant part, that '[n]o person … shall be compelled in any criminal case to be a witness against himself.'" United States v. Greenfield, 831 F.3d 106, 114 (2d Cir. 2016) (alterations by court in Greenfield) (quoting U.S. CONST. amend. V). "To qualify for the Fifth Amendment privilege, a communication must be testimonial, incriminating, and compelled." Hiibel v. Sixth Judicial Dist. Court of Nev.,

---

[4] Plaintiffs apparently do not challenge Dr. Kalitenko's assertion of his Fifth Amendment privilege with respect to the interrogatories directed to him as an individual. See generally Pl. Mot., DE #37.

[5] See [Plaintiffs'] Reply in Support re Scheduling Order (Jan. 3, 2023) ("Pl. Reply") at 1-2, DE #40; Pl. Reply, Exhibit 1 – GEICO['s] First Set of Interrogatories to the Kalitenko Sole Proprietorship and the [R]esponses from the Kalitenko Sole Proprietorship dated December 23, 2022 (docketed on Jan. 3, 2023), DE #40-1; Pl. Reply, Exhibit 2 - Kalitenko Sole Proprietorship and Kalitenko PC['s] responses to GEICO['s] First Requests for Production dated December 23, 2022 (docketed on Jan. 3, 2023), DE #40-2. As noted in plaintiffs' Reply, the parties have agreed that although the newly provided responses to plaintiffs' document demands reference only Kalitenko Sole Proprietorship, the responses were intended and are deemed to constitute responses on behalf of Kalitenko Sole Proprietorship *and* Kalitenko P.C. See Pl. Reply at 1 n.1, DE #40.

Humboldt Cnty., 542 U.S. 177, 189 (2004) (citation omitted).  This constitutional right "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory[.]"  Kastigar v. United States, 406 U.S. 441, 444 (1972) (collecting cases).  The Fifth Amendment privilege has also "been found to extend not only to answers that are directly incriminatory but also to those that, while not themselves inculpatory, 'would furnish a link in the chain of evidence needed to prosecute the [answering party.]'"  Greenfield, 831 F.3d at 114 (quoting Ohio v. Reiner, 532 U.S. 17, 20 (2001) (*per curiam*)).  "It need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question . . . might be dangerous because injurious disclosure could result."  Reiner, 532 U.S. at 20-21 (citation and alteration omitted).

In addition to protecting against compelled testimony, the Fifth Amendment "applies to any compelled incriminating communications … that are testimonial in character."  *In re* Grand Jury Proceeding, 971 F.3d 40, 55 (2d Cir. 2020) (alteration in original) (internal quotations marks and citation omitted).  This protection does not ordinarily extend to business records, as they are created voluntarily and without compulsion.  See United States v. Doe, 465 U.S. 605, 608-09 (1984).  Nevertheless, "[b]ecause the act of producing documents can be both incriminating and testimonial—such as when it confirms the documents' existence, possession, or authenticity—a [ ] party may be able to resist production [of such documents] on Fifth Amendment grounds."  *In re* Grand Jury Subpoena Issued June 18, 2009, 593 F.3d 155, 157 (2d Cir. 2010) (citation omitted).  This is known as the "act of production doctrine."  AAOT Foreign Econ. Ass'n (VO) Technostroyexport v. Int'l Dev. & Trade Servs., Inc., No. 96CIV.9056(JGK)(AJP), 1999 WL 970402, at *6 (S.D.N.Y. Oct. 25, 1999).

"Under the long-established 'collective entity rule,' however, corporations cannot avail themselves of the Fifth Amendment privilege." In re Grand Jury Subpoena Issued June 18, 2009, 593 F.3d at 157 (citing Braswell v. United States, 487 U.S. 99, 104-10 (1988)); accord Ballan v. Wilfred Am. Educ. Corp., 720 F.Supp. 241, 248 (E.D.N.Y. 1989) ("A corporation has no privilege against self-incrimination." (citation omitted)).  "The plain mandate of the precedents is that [the collective entity rule] applies regardless of the corporation's size[.]" Braswell, 487 U.S. at 99-100.  Thus, a corporate entity cannot invoke the right against self-incrimination to avoid its discovery obligations to produce corporate records and provide interrogatory responses.  See, e.g., In re Grand Jury Subpoena Issued June 18, 2009, 593 F.3d at 157-58 (corporations must produce corporate records); United States v. Kordel, 397 U.S. 1, 8 (1970) (corporate entity cannot refuse to answer interrogatories on Fifth Amendment grounds).  Notably, sole proprietorships are excluded from the collective entity rule: the Second Circuit has held that "sole proprietorships are covered by the Fifth Amendment's privilege against compulsory self-incrimination, because a sole proprietorship has no legal existence apart from its owner." United States v. Fridman, 974 F.3d 163, 180 (2d Cir. 2020) (internal quotation marks and citations omitted).

Ultimately, where a party is entitled to and does assert the Fifth Amendment privilege against self-incrimination, "[i]t is for the court to say whether [assertion of the privilege] is justified . . . and the party asserting the privilege bears the burden of establishing its applicability." Williams v. Swack, 13-CV-00974-WMS-JJM, 2016 WL 3536574, at *3 (W.D.N.Y. June 29, 2016) (second alteration by court in Williams) (internal quotation marks and citations omitted).

6

**II.     Analysis**

    **A.     Kalitenko P.C.: Interrogatories and Document Production**

Plaintiffs seek to compel Kalitenko P.C. to provide substantive interrogatory responses and to produce the requested documents. See Pl. Mot. at 1, DE #37. The Kalitenko Defendants counter that the Court should deny plaintiffs' request because "[t]he Fifth Amendment would be eviscerated if Dr. Kalitenko is constitutionally permitted to claim its protection as an individual, but forced to answer questions [or produce documents] related to [Kalitenko P.C.]"[6] Def. Opp. at 4, DE #37-5. The Court disagrees.

"The Second Circuit has long held that even if a corporation is 'essentially a one-man operation,' the Fifth Amendment privilege against self-incrimination is not available." United States v. Lebanese Canadian Bank SAL, No. 11 Civ. 9186(PAE), 2012 WL 2189188, at *2 (S.D.N.Y. June 14, 2012) (quoting In re Two Grand Jury Subpoenae *Duces Tecum*, 769 F.2d 52, 54, 58 (2d Cir. 1985)); see Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 92 n.5 (2d Cir. 2012). Indeed, "there simply is *no situation* in which a corporation can avail itself of the Fifth Amendment privilege." In re Grand Jury Subpoena Issued June 18, 2009, 593 F.3d at 158 (emphasis added) (alteration, citation, and internal quotation marks omitted). Accordingly, with respect to document demands, a "custodian of corporate records, who acts as a representative of the corporation, cannot refuse to produce corporate records on Fifth Amendment grounds." Id. (citation omitted). Where "no existing employee [of a corporation] could produce [corporate] records without incriminating himself by such an act, then the

---

[6] The Kalitenko Defendants cite no caselaw to support their implication that a corporation like Kalitenko P.C. may avail itself of the Fifth Amendment and thereby avoid its discovery obligation to respond to plaintiffs' document demands. See generally Def. Opp., DE #37-5. The Court is not aware of any such current caselaw.

7

corporation may be required to produce the records by supplying an entirely new agent who has no previous connection with the corporation that might place him in a position where his testimonial act of production would be self-incriminating." In re Two Grand Jury Subpoenae *Duces Tecum*, 769 F.2d at 57 (citation omitted); see United States v. Barth, 745 F.2d 184, 189 (2d Cir. 1984). Here, plaintiffs have served document demands addressed to Kalitenko P.C.—a one-man operation, but a corporate entity nonetheless—and, as such, Kalitenko P.C. "must find some means by which to comply [with this discovery obligation] because no Fifth Amendment defense is available to it." Braswell, 487 U.S. at 116 (citation omitted). Accordingly, the Court grants plaintiffs' motion with respect to Kalitenko P.C.'s production of documents. See *In re* Grand Jury Subpoena Issued June 18, 2009, 593 F.3d at 159 ("Every other court to have considered this issue has reached the same conclusion[.]" (collecting cases)).

 Likewise, the service of interrogatories obligates a "corporation to appoint an agent who could, without fear of self-incrimination, furnish such requested information as was available to the corporation." Kordel, 397 U.S. at 8 (internal quotation marks and citations omitted); see Brock v. Tolkow, 109 F.R.D. 116, 118 (E.D.N.Y. 1985). To allow Kalitenko P.C. to avoid substantively answering plaintiffs' interrogatories on the basis of Dr. Kalitenko's Fifth Amendment privilege would, in effect, "secure for the corporation the benefits of a privilege it does not have." Kordel, 397 U.S. at 8 (quotation marks and citation omitted). The Court therefore directs Kalitenko P.C. to amend its previous responses to plaintiffs' interrogatories to provide substantive answers. See, e.g., Apache Corp. v. McKeen, 529 F.Supp. 459, 463 (W.D.N.Y. 1982) (requiring corporate entity to appoint agent to respond to

8

plaintiffs' interrogatories without invoking Fifth Amendment privilege); see also SEC v. CKB168 Holdings, Ltd., No. 13-CV-5584 (RRM), 2014 WL 12835241, at *2 (E.D.N.Y. Dec. 9, 2014) (in Rule 30(b)(6) deposition context, this magistrate judge held that the corporate defendant "must produce a representative who will not invoke the Fifth Amendment, even if that necessitates retaining an agent expressly for the purpose of testifying" (collecting cases)).

      **B.**     **Dr. Kalitenko (Individual): Document Production**

Plaintiffs further request that Dr. Kalitenko be compelled, in his personal capacity, to produce certain business records and communications, such as emails and texts. See Pl. Mot. at 3, DE #37; Discovery Exhibit 3 at 8-19, DE #37-3. In support of their request, plaintiffs argue that Dr. Kalitenko cannot invoke the Fifth Amendment and must therefore comply with their document demands because the requested business records and communications were previously and voluntarily created, and the demands do not compel testimony. See Pl. Mot. at 3, DE #37.

Generally, the "contents of voluntarily prepared business records are not privileged unless the subpoenaed individual is compelled to 'restate, repeat, or affirm' the contents' truth." In re Proceedings before August 6, 1984 Grand Jury, 767 F.2d 39, 41 (2d Cir. 1985) (citations omitted); see Apache Corp., 529 F.Supp. at 462 ("[I]t has been long established that corporate documents are not protected by the fifth amendment." (citation omitted)). Nevertheless, "[t]he act of producing business records may in certain circumstances have a testimonial character and fall within the fifth amendment's coverage[.]" In re Proceedings before August 6, 1984 Grand Jury, 767 F.2d at 41 (citations omitted). Here, even assuming *arguendo* that all of the documents requested from Dr. Kalitenko constitute business records

9

that merit no fifth amendment protection as to their contents, the act of compelled production may "nevertheless ha[ve] communicative aspects of its own, wholly aside from the contents" of the documents. Fisher v. United States, 425 U.S. 391, 410 (1976); see Keawsri v. Ramen-Ya Inc., 17-cv-02406 (LJL), 2022 WL 17583785, at *6 (S.D.N.Y. Dec. 12, 2022). For example, Dr. Kalitenko's production of the demanded documents could communicate his knowledge of and control over those documents, as well as his "belief that the document[s] meet[] the specifications described in the request for production." OSRecovery, Inc. v. One Groupe Int'l, Inc., 262 F.Supp.2d 302, 311 (S.D.N.Y. 2003) (citations omitted).

In their civil complaint, plaintiffs allege that Dr. Kalitenko committed numerous predicate acts—i.e., *criminal* acts—in furtherance of a "massive" no-fault insurance-fraud scheme, in violation of the RICO Act. See generally Compl.; see Pl. Mot. at 1, DE #37. Based on these circumstances, it is readily apparent that requiring Dr. Kalitenko to compile and produce the requested documents, and thereby implicitly communicate his control over them and their authenticity, could furnish a link in the chain of evidence needed to prosecute him in a criminal action. See, e.g., State Farm Mut. Auto. Ins. Co. v. Grafman, No. 04-CV-2609 (NG)(SMG), 2007 WL 4285378, at *1-2 (E.D.N.Y. Dec. 1, 2007) (in civil RICO action, court declines to order individual defendants, who asserted Fifth Amendment privilege, to respond to document demands served by plaintiff no-fault insurer: "Although [plaintiff] has agreed not to rely on any production by [the individual defendants] to establish that a document is authentic, that agreement would not prevent [plaintiff] from discovering the existence of documents now unknown to it, and offers no protection against a prosecutor or other no-fault carrier who seeks to use [defendants'] production of a document in this case as authentication

10

evidence in another"); In re Grand Jury Subpoena *Duces Tecum* Served Upon John Doe, 466 F.Supp. 325, 327 (S.D.N.Y. 1979) (quashing subpoena that required target of grand jury investigation into illegal payments to labor union to produce all records received from certain individuals in connection with monetary transactions with those individuals: "[R]equiring production by the target in this case will impel him to be a witness against himself by forcing him to compile papers and acknowledge their existence."); see also In re Sosso, Bankruptcy No. 12–21641–CMB, 2013 WL 1953286, at *6-7 (Bankr. W.D. Pa. May 7, 2013) (sustaining assertions of Fifth Amendment privilege where underlying complaint was "replete with allegations of fraud" and thus "the potential for criminal liability is readily apparent based upon the record in this proceeding[,]" and finding it "clear . . . that, by surrendering documents fitting the description in the subpoena, [the subpoenaed individual] could conceivably incriminate himself simply by communicating information about the existence, custody, and authenticity of the documents"); United States v. Cates, 686 F.Supp. 1185, 1191-93 (D. Md. 1988) (sustaining assertion of Fifth Amendment by self-employed physician in response to IRS summons requiring production of certain financial records, as "the act of producing the documents would involve testimonial self-incrimination"); accord United States v. Moss, Civ. No. HM-99-2676, 1990 WL 169256, at *4-6 (D. Md. July 24, 1990).

While not directly addressing the act-of-production doctrine, plaintiffs' submissions may generously be read to imply that the demanded documents fall within the doctrine's foregone-conclusion exception. See Pl. Mot. at 3, DE #37 (arguing that the Court should overrule the Kalitenko Defendants' objections because plaintiffs "are aware that email communications by the Defendants . . . exist because [p]laintiffs are already in possession of

11

some email communications from Kalitenko").[7] "[F]or the foregone conclusion exception to apply, [the party seeking to compel production] must establish 'with reasonable particularity' its knowledge as to '(1) existence of the documents, (2) [the answering party's] possession or control of the documents and (3) the authenticity of the documents.'" Fridman, 974 F.3d at 174 (citations omitted). Plaintiffs' showing in this case falls woefully short of establishing the applicability of this exception. The sole support for plaintiffs' "knowledge" that the requested documents exist and remain within Dr. Kalitenko's control is plaintiffs' representation that they possess "some" of his emails, which were obtained through a third-party subpoena. See Pl. Mot. at 3, DE #37. Plaintiffs' reference to a limited selection of emails does not, however, show with "reasonable particularity" that they have the requisite knowledge with respect to all of the documents sought in their sprawling 66 document requests. See United States v. Fox, 721 F.2d 32, 37-38 (2d Cir. 1983) (holding that enforcement of "broad-sweeping" IRS summons "for *all* books and records of a sole proprietorship" "would result in compelled testimonial communication": "[M]erely because the IRS obtained some information from the face of [the taxpayer's] tax returns does not mean that the government now knows enough to eliminate any possibility that [the taxpayer's] production would constitute an incriminating testimonial act."); In re Grand Jury Subpoena *Duces Tecum* Served Upon John Doe, 466 F.Supp. at 327 (rejecting government's argument that "the existence of the documents" responsive to "its rather broadly worded subpoena" was a "foregone conclusion"). Plaintiffs

---

[7] If anything, to construe plaintiffs' argument as invoking the foregone-conclusion exception to the act-of-production doctrine is *overly* generous: Plaintiffs rely on the Second Circuit's decision in United States v. Stewart, 433 F.3d 273, 291 (2d Cir. 2006), see Pl. Mot. at 3, DE #37, which has nothing to do with the act of production or even the Fifth Amendment; rather, the Court of Appeals in Stewart held that the admission into evidence of statements made by a co-conspirator during the course and in furtherance of a cover-up conspiracy did not violate the defendant's rights under the Confrontation Clause of the *Sixth* Amendment, see Stewart, 433 F.3d at 291. Stewart thus has no application to the issues currently before this Court.

have therefore failed to demonstrate that they "*know*, and not merely infer, that the sought documents exist, that they are under the control of defendant[s], and that they are authentic." Greenfield, 831 F.3d at 116 (emphasis added) (collecting cases).  Accordingly, the Court declines to compel Dr. Kalitenko to further respond to plaintiffs' document demands.[8]

        C.        **Kalitenko Sole Proprietorship: Interrogatories and Document Production**

Finally, plaintiffs demand that Kalitenko Sole Proprietorship be ordered to substantively respond to plaintiffs' interrogatories and document demands, arguing that its invocation of the Fifth Amendment is improper.  See Pl. Mot. at 1-2, DE #37.  The Court concludes that the Fifth Amendment has been properly invoked in this context and therefore denies plaintiffs' request.

Pursuant to the collective entity doctrine, the Fifth Amendment privilege against self-incrimination does not extend to collective entities such as corporations.  See *In re* Grand Jury Subpoena Issued June 18, 2009, 593 F.3d at 157.  "A sole proprietor, however, stands on different constitutional grounds." Fox, 721 F.2d at 36; see Fridman, 974 F.3d at 180. "Because a sole proprietorship has no legal existence apart from its owner, the compelled disclosure of a sole proprietor's private or business papers implicates his privilege against self-incrimination." Fox, 721 F.2d at 36.  Therefore, the owner of a sole proprietorship is entitled "to show that his act of production would entail testimonial self-incrimination as to admissions that the records existed, were in his possession, and were authentic." Braswell, 487 U.S. at 99.  For the same reasons set forth in Section II.B, here, Dr. Kalitenko's act of producing the

---

[8] Sustaining Dr. Kalitenko's claim of privilege presumably will not, however, deprive plaintiffs of the business records sought, given that plaintiffs served the same document demands on all three Kalitenko Defendants, see Discovery Exhibit 3 at 2, DE #37-3, and Kalitenko P.C. is being ordered to produce the demanded documents.

13

demanded documents on behalf of Kalitenko Sole Proprietorship could also entail testimonial self-incrimination, such as impliedly affirming the business' possession of the documents and their authenticity. See *supra* Section II.B; OSRecovery, 262 F.Supp.2d at 311.

Similarly, Kalitenko Sole Proprietorship may invoke the Fifth Amendment privilege in response to plaintiffs' interrogatories to the same extent that Dr. Kalitenko may invoke his right as an individual: i.e., where there is a "real and substantial risk . . . that answers to questions might provide a link which would lead to incrimination of him[.]" *In re* Gilboe, 699 F.2d 71, 74-75 (2d Cir. 1983) (collecting cases) (internal quotation marks omitted); see *In re* Grand Jury Subpoena *Duces Tecum* (Doe), 605 F.Supp. 174, 175 (E.D.N.Y. 1985) ("[A]n individual, as sole proprietor of a business, may assert a Fifth Amendment privilege[.]" (citation omitted)). The Court again concludes that it is readily apparent that Dr. Kalitenko's sworn answers to plaintiffs' interrogatories, which relate to alleged predicate acts of fraud and racketeering activity, see generally Compl., could subject him and his sole proprietorship to criminal penalties for the same criminal acts alleged in the Complaint, see, e.g., Pieciak v. Thandi, Case No. 2:20-cv-00173, 2021 WL 6133897, at *7 (D. Vt. Dec. 28, 2021) (concluding that "the hazards of self-incrimination are readily apparent," court sustains individual defendant's invocation of Fifth Amendment privilege in response to plaintiff's discovery requests in a civil RICO case, as such responses could provide "a link in the chain of evidence needed" to pursue criminal RICO penalties); see also Levitt v. Brooks, No. CV 11–1088(JS)(AKT), 2013 WL 1346257, at *3 (E.D.N.Y. Mar. 29, 2013) ("The assessment of whether an injurious disclosure likely will result 'must be governed as much by … [the judge's] personal perception of the peculiarities of the case as by the facts actually in

evidence.'" (alterations by court in Levitt) (citations omitted)).  Accordingly, Kalitenko Sole Proprietorship need not substantively answer plaintiffs' interrogatories.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part plaintiffs' motion to compel discovery responses from the Kalitenko Defendants.  By January 30, 2023, Kalitenko P.C. must serve plaintiffs with its amended discovery responses and documents, consistent with the rulings in this Memorandum and Order.

**SO ORDERED.**

**Dated:    Brooklyn, New York**
**January 5, 2023**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**